296 Ga. 630
FINAL COPY

S14Y1542, S14Y1543. IN THE MATTER OF DOUGLAS GRANT EXLEY
(two cases).

PER CURIAM.

These disciplinary matters are before the Court on Notices of Discipline seeking the disbarment of Douglas Grant Exley (State Bar No. 253555). Exley is currently under an interim suspension. In the Matter of Exley, S14Y0972 (April 14, 2014). The State Bar attempted to serve Exley personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus. The State Bar then properly served Exley by publication, pursuant to Bar Rule 4-203.1 (b) (3) (ii). Exley failed to file a Notice of Rejection. Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Exley's default, show that, with regard to Case No. S14Y1542, Exley accepted $500 from a client to represent him in a divorce action. Exley then failed to communicate with or return calls from the client, or to take any action on his behalf. Moreover, Exley abandoned

his representation of the client and failed to refund any portion of the fee that he had been paid. Exley was served by publication and mail with a Notice of Investigation, but he failed to file a timely sworn, written response, as required by Bar Rule 4-204.3. Pursuant to the State Bar's motion, this Court suspended Exley on April 14, 2014.

With regard to Case No. S14Y1543, the facts show that Exley accepted $1,000 from a client to represent her in a divorce action. Exley initially failed to communicate with or return calls from the client, or to take any action on her behalf. However, the client asked a friend to call Exley and pose as a new client, and Exley returned the call from the client's friend. When the client asked Exley why he had not been in communication, he stated that he was preparing to file her divorce action. Although Exley did mail the relevant documents to the client's husband, he delayed in sending the documents to the client, despite her repeated requests, and failed to file the signed documents with the Superior Court. Exley then failed again to communicate with the client, abandoned his representation of her, and failed to refund any portion of the fee that he had been paid. Exley again was served by publication and mail with a Notice of Investigation, but he failed to file a timely sworn, written response, as

2

required by Bar Rule 4-204.3.

The Investigative Panel found that by this conduct Exley violated Rules 1.3, 1.4, 1.16, and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.16, and 9.3 is a public reprimand. In aggravation of discipline, the Investigative Panel found that Exley has experience in the practice of law, having been admitted in 2003, and that these two matters, taken together, suggest a pattern of client neglect and of failing to communicate.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Douglas Grant Exley be removed from the rolls of persons authorized to practice law in the State of Georgia. Exley is reminded of his duties pursuant to Bar Rule 4-219 (c).

<u>Disbarred</u>. <u>All the Justices concur</u>.


Decided February 16, 2015.

Disbarment.

3

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.